REDMANN, Judge,
dissenting.
Employees earn the wages and other rights of their employment such as life and medical insurance, disability leave, and pension benefits including survivorship benefits whatever be the rights provided by the terms of their employment contracts. Those rights once provided belong to the employees. An employer may not under any guise deny to the employee the benefits that he has already earned.
Yet the judgment here allows him to do so. The deceased employee earned the fringe benefits of his employment: $9,000 life insurance policy with premiums paid by the employer (the other $6,000 the employee *1352 voluntarily elected and paid for); medical insurance; short- and long-term disability benefits; retirement plan with survivorship benefits in which he had a concededly vested interest worth $4,912. All of these advantages were earned; none of them was a gift. Yet the trial court’s judgment denies retirement survivorship benefits to the employee’s widow. The explanation is that the employee had not elected to retire and that the widow got life insurance proceeds. Counsel concedes nevertheless that any employee receiving disability pay could have elected just before his death to retire: in which case his widow would collect both the life insurance proceeds and the retirement survivorship benefits. Thus defendants rely upon a cruelly capricious contractual provision which purports to deny survivor-ship benefits to the employee’s widow for the two wholly unrelated reasons that (1) the employee had insurance and (2) the husband did not exercise his vested right to retire before his death.
One recognizes the fairness of an integrated wage-replacement system. An employer should not have to pay both disability benefits and retirement benefits at the same time (and surely not workmen’s compensation benefits as well). No doubt defendants’ wage-replacement plan intended an integration or correlation of benefits to prevent double wage-replacement. But they have gone far beyond that fair goal. They have denied not a duplicate wage-replacement; they have denied all wage-replacement. They make the widow pay again for the insurance her husband’s labor has already earned.
Unless it be unenforceable error — which defendants refuse to concede — there is no other explanation for defendants’ caprice except unenforceable greed. In either case plaintiff should recover.